UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

No.: ___ : _____-CV-_____-___

FILED
JUN 16 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Scott William Tyree,
  Plaintiff, pro se,

v.

United States of America,
  Defendant.

COMPLAINT
Federal Tort Claims Act
28 U.S.C. §1346

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by the Federal Tort Claims Act, Title 28 U.S.C. §1346, to redress the deprivation, under color of state law, of rights secured by the United States Constitution. This Court has Jurisdiction pursuant to Title 28 U.S.C. §1346.

2. The Eastern District of North Carolina is an appropriate venue under Title 28 U.S.C. §1391(b)(2), because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Scott William Tyree, is and was at all times mentioned herein a prisoner of the United States of America, in the custody of the Federal Bureau of Prisons (FBOP). He is currently confined in the Federal Correctional Institution II, located in Butner, North Carolina.

### III. DEFENDANT

4. Defendant, United States of America, is legally responsible for the overall operation of the FBOP and each institution under its jurisdiction, including the Low Security Correctional Institution (LSCI), located in Butner, North Carolina, which is the site of the events giving rise to this action.

5. The Defendant is sued in its official capacity. At all times mentioned in this COMPLAINT the Defendant acted under the color of federal and/or state law.

### IV. FACTS

6. On July 19, 2012, Plaintiff was housed in the Special Housing Unit (SHU) at the LSCI. Prior to the 1600 institutional count, inmate Glenn Nickerson was placed in the cell with Plaintiff.

7. Plaintiff was awakened at approximately 2315, when his Continuous Positive Airway Pressure (CPAP) medical device stopped working. Inmate Nickerson had unplugged the device for an unknown reason. Within a minute, or two, inmate Nickerson began to physically assault Plaintiff. Throughout the assault Plaintiff was yelling "help" in order to get staff to respond to the assault because he was unable to the "distress" button at the other end of the cell.

8. After approximately five (5) minutes of continuous physical assault, inmate Nickerson broke off the assault and backed to the front of the cell where he pressed the "distress" button and started yelling "CO" repeatedly.

9. Approximately two (2) minutes after the "distress" button was pressed, inmate Nickerson resumed the assault against Plaintiff. At this time inmate Nickerson picked-up Plaintiff's CPAP and used it as a deadly weapon against Plaintiff, inflicting serious bodily harm to him by repeatedly striking him in the head and face with the CPAP. The Assault with the CPAP lasted for approximately five (5) minutes. Inmate Nickerson then dragged Plaintiff to the front of the cell, to a position between the shower and the toilet/sink, and resumed the physical assault with his fists again. This is the place that staff eventually found Plaintiff and inmate Nickerson when they responded to the alarm.

10. Plaintiff was taken to the institution's Health Services Department to be examined by medical staff. Staff proceeded to have Plaintiff taken by ambulance to the WakeMed emergency room for treatment of his injuries.

11. Plaintiff suffered a laceration above the left eye, requiring nine (9) stitches to close, and numerous contusions, cuts, and scrapes. Plaintiff also underwent a CT-Scan in order to determine if there was any fracture of the skull due to the use of a weapon to inflict blunt force trauma.

12. The assault was written up Lt. Thompson, who was the Lt. on duty that night. Her report listed the event as an assault. However, Lt. Allen, the SIS, charged Plaintiff with "fighting."

13. The Incident Report was turned over to the Disciplinary Hearing Office (DHO), Mr. Elsea, who "threw out" the charge of fighting against Plaintiff.
14. On July 3, and 4, 2013, Plaintiff suffered a GRAND MAL seziure. Plaintiff avers that he has never been diagnosed with a seizure disorder at any time prior to the assault, nor has he suffered any head trauma, other than the trauma from the assault that is the cause of this action.

## V. EXHAUSTION OF LEGAL REMEDIES

15. On June 5, 2013, Plaintiff filed an Administrative Tort Claim using Standard Form 95, as required by the Federal Tort Claim Act, 28 U.S.C. §§2671 thru 2680. This claim was in the amount of $2,000,000.00.
16. On July 13, 2013, Plaintiff received notice from the Butner Legal Center that the claim, as submitted, was incorrect.
17. Plaintiff corrected the error and re-submitted the Administrative Tort Claim form on July 17, 2013.
18. As of December 17, 2013, Plaintiff had not received proper notice from the FBOP of the final disposition of his claim, in accordance with the provisions of 28 U.S.C. §2675(a). Plaintiff then sent a letter to the Butner Legal Center to inquire as to the status of claim #TRT-MXR-2013-05445, as no proper notice had been served upon him that meet the requirements of the statute. This was mailed on January 17, 2014.

19. Plaintiff received a letter from Mr. Mellady of the Butner Legal Center, via Certified Mail (tracking #7013 1700 0000 4456 5985), which was postmarked on January 28, 2014, and contained a letter from Mr. Mellady and a copy of a notice of final disposition of the claim. However, this notice does not meet the statutory requirement that all final dispositions must be sent via registered or certified mail, and that all such dispositions must be made within six (6) months of the filing of the claim. The Butner Legal Center failed to comply with the statutory requirements of 28 U.S.C. §2675(a), and thus defaulted on providing proper notice of the final disposition of the claim within the six (6) months allowed by statute.
20. The final disposition was in fact received by Plaintiff over seven (7) months after the corrected Tort Claim form was sent to the Butner Legal Center.
21. Plaintiff hereby exercises his right pursuant to 28 U.S.C. §2675(a) and deems that his Administrative Tort Claim has been denied effective June 11, 2014 by the FBOP and that Plaintiff has six months from that date to file this action.

## VI. LEGAL CLAIMS

22. Plaintiff realleges and incorporates by reference paragraphs 1 thru 21.

23. Due to the intervening serious medical condition that developed after the initial filing of the Administrative Tort Claim, which Plaintiff believes is a direct result of the serious bodily harm he suffered as a result of staffs deliberate indifference and negligence, Plaintiff increases the amount of this claim from the original amount of $2,000,000.00, to the amount of $4,000,000.00, pursuant to Title 28 U.S.C. §2675(b).

24. Plaintiff alleges that had the SHU officers responded to the "distress" alarm in the time-frame mandated by internal FBOP policy and procedures, that Plaintiff's injuries would not have been as extensive, or serious, as they were and that he would not have developed the seizure disorder that he now suffers from. Staff failed to respond to the "distress" alarm for in excess of ten (10) minutes. Plaintiff will now require the services of a specialist, Neurologist, as well as taking anti-seizure medication for the foreseeable future.

25. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been, and will continue to be irrepairably injured by the conduct of the defendant unless this Honorable Court grants the relief he seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff:

26. A declaration that the acts and omissions described herein violated Plaintiff's rights under the U.S. Constitution, and the laws of the United States;

27. Damages in the total amount of $4,000,000.00;

28. A jury trial on all issues triable by a jury;

29. Plaintiff's costs in this action; and

30. Any additional relief this Honorable Court deems just, proper, and equitable.

Respectfully submitted,

Date: June 12, 2014

Scott William Tyree
Plaintiff, pro se
Reg. #45380-083
FCI-2
P.O. Box 1500
Butner, NC  27509-4500

## DECLARATION PURSUANT TO 28 U.S.C. §1746

I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on the 12th day of June, 2014.

Scott William Tyree
Plaintiff, pro se